UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL P. FERGUSON )
 )
V. ) NO. 2:04-CR-04
 )
UNITED STATES OF AMERICA )

## REPORT AND RECOMMENDATION

In July 2004, the defendant-petitioner Michael Ferguson ("Ferguson") was indicted for various crimes involving child pornography. A Superseding Indictment[1] charged Ferguson with four offenses. Count One charged him with using a minor in the production of child pornography. Count Two charged him with transporting child pornography in interstate commerce. Count Three charged him with receiving child pornography that had been transported in interstate commerce. And Count Four charged him with possessing child pornography.

Attorney Tim Moore of Federal Defender Services was appointed to represent Ferguson. Attorney Moore is an extremely competent lawyer with many years of experience in representing defendants in federal court.

The prosecutor was Assistant United States Attorney Guy Blackwell, also highly skilled with many years of federal prosecutorial experience.

---

[1]Doc. 28.

Count One – using a minor in the production of child pornography – at that time carried a punishment of a mandatory minimum ten years and a maximum of twenty years. Count Two, transporting child pornography, carried a punishment of not more than fifteen years incarceration.

Punishment upon conviction of Count Three – receiving child pornography – was a mandatory minimum sentence of incarceration of five years up to a possible maximum of twenty.

And the punishment upon conviction of Count Four, possessing child pornography, was a maximum of ten years.

Ferguson ultimately pleaded guilty to Counts One and Three, and was sentenced to a total of three hundred months of imprisonment. That sentence was affirmed by the Sixth Circuit Court of Appeals, and the Supreme Court denied his petition for the writ of *certiorari*.

He now has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, he has raised six claims, three of which involve an alleged Rule 11 violation regarding his guilty plea, and three of which involve other issues.

The district judge has dismissed the latter three claims, but he has determined that an evidentiary hearing is warranted on Ferguson's claims that assert a Rule 11 violation.[2] He has directed the magistrate judge to appoint an attorney for Ferguson and then to conduct that

---

[2]Doc. 130.

2

evidentiary hearing.[3]

Attorney Douglas Payne was appointed to represent Ferguson. The evidentiary hearing was held on September 6, 2012, at which the United States was represented by Assistant United States Attorney Suzanne Kerney-Quillen.

**INSTRUCTIONS TO THE MAGISTRATE JUDGE**

Ferguson argues that his pleas were based on his misunderstanding of the maximum sentence he could receive, and that his misunderstanding was at least partly caused by statements made by the district judge. He claims that his misunderstanding rendered his guilty pleas involuntary and unknowing.

In his Memorandum and Order regarding Ferguson's § 2255 motion, the district judge concluded that there are two questions which the magistrate judge should address at the conclusion of the evidentiary hearing:

1. Did trial counsel erroneously inform Ferguson that his maximum sentencing exposure as to Counts One and Three was a total of twenty years because the sentences would be served concurrently to each other, thus resulting in an unknowing and involuntary plea? And,

2. Even if there was a Rule 11 violation, was any error by counsel (and the Court) harmless because Ferguson knew, based on the unobjected to content of the [Pre-Sentence Report], which did not lead him to withdraw his guilty pleas, of the possibility of consecutive

---

[3] *Id*.

sentences?[4]

The district judge later supplemented his mandate to the magistrate judge by directing the magistrate judge to recommend the scope of relief in the event the two questions are answered favorably from Ferguson's perspective.[5]

**FACTS GLEANED FROM THE RECORD**

*THE FIRST PLEA AGREEMENT*

The first plea agreement was signed on October 15, 2004. In that agreement, Ferguson pleaded guilty to Counts One and Three. It was a Rule 11(c)(1) agreement; it recited that a total term of incarceration of one hundred forty-four months – twelve years – was appropriate.[6]

At the change of plea hearing on October 25, 2004, the district judge told Ferguson that he could not decide whether to accept or reject that plea agreement until he had reviewed the Pre-Sentence Report ("PSR") of the probation office.[7]

The change of plea hearing resumed on March 7, 2005, after the district judge had received and read the PSR. He was greatly troubled by the PSR, noting that there was an eight-year difference between the agreed-upon sentence of twelve years and the statutory maximum of 240 months:

---

[4]Doc. 130, p. 14.

[5]Doc. 137.

[6]Ex. 5.

[7]TR., Ex. 1, p. 13.

4

> The Guideline Range established by the presentence report establishes a Guideline Range of 235 to 294 months, *which, of course, would be capped at 240 months under the plea agreement entered into.*[8]

Attorney Moore, reacting to the district judge's discomfort with the one-hundred-forty-four-month sentence said:

> The guidelines calculation in this case, 235 months, *that's just five months short of the statutory maximum; and the top of the guideline is, you know, 5 or 6 years above the statutory maximum.*[9]

At this point in the first change of plea hearing, there had been two statements which indicated that defendant faced a maximum sentence of twenty years, one by the district judge and one by defendant's attorney. Assistant United States Attorney Blackwell said nothing, one way or the other. There was additional discussion between the court and attorney Moore, but none of it suggested that defendant's sentences could run consecutively, as a result of which he would be required to serve more than twenty years. Of course, there were repeated references to Ferguson's Guideline Range, which was two hundred thirty-five to two hundred ninety-four months, most of which was well above twenty years. But it is asking a great deal of a layman, even a very intelligent one, to deduce from the Guideline Range that he ultimately could be sentenced to more than twenty years. It is not uncommon, after all, for the Guideline Range to be more than the statutory maximum, even in multi-count indictments.

---

[8]TR., Ex. 8, p. 2, Italics supplied.

[9]TR., Ex. 8, p. 17, ln. 18, Italics supplied.

The district judge rejected the Rule 11(c)(1)(C) plea agreement.

*THE SECOND PLEA AGREEMENT*

After the district judge rejected the first plea agreement, he allowed Ferguson two weeks to negotiate and sign another agreement, or failing therein, proceed to trial.[10] On March 18, 2005, Ferguson signed his second plea agreement.[11] This agreement was basically the same as the October 2004 agreement, with one big difference: although Ferguson again pleaded guilty to Counts One and Three, this time he did so in a vacuum. It was no longer a Rule 11(c)(1) agreement; there was no recommended sentence.

There is nothing in that plea agreement which indicated that defendant could be sentenced to any particular length of prison time; it says only that the court could "impose any lawful term of imprisonment up to the statutory maximum" (¶ 1(a)), and it said that Count One entailed a term of imprisonment "for not less ten (sic) years nor more than twenty years" and that Count Three carried a "maximum penalty . . . of imprisonment for not less than five years nor more than twenty years" (¶ 2). Those recitations are of course correct, but they say nothing in and of themselves about the *total* possible sentence, even to a trained professional. The possibility of consecutive sentencing would have to be supplied by some other source, whether a person or a document.

The change of plea hearing regarding the second plea agreement was convened on March 21, 2005. After attorney Moore announced that the new plea agreement contained

---

[10]Ex. 8, p. 43.

[11]Ex. 6.

no 11(c)(1) language, the district judge proceeded to question Ferguson extensively.

Ferguson ultimately acknowledged that he was guilty of the acts charged against him in Counts One and Three.[12] At that point the district judge directed Assistant United States Attorney Blackwell to advise Ferguson of the "maximum possible penalty" for those offenses. Mr. Blackwell stated that the maximum penalty under Count One was "not less than 10 years nor more than 20 years imprisonment," and under Count Three "the maximum penalty [was] not less than 5 nor more than 20 years imprisonment."[13]

Thereafter, the district judge asked Ferguson if he understood "that those are the maximum *sentences* the court could impose in this case?"[14] The word "sentences" is italicized to emphasize that the magistrate judge noted the district judge's use of the plural. The plural "sentences" suggest nothing other than Count One had a sentence, and that Count Two had a sentence. It certainly does not suggest either concurrent or consecutive sentences.

A few minutes later in the plea colloquy, the district judge asked Ferguson if he understood that the court "could impose a sentence up to 20 years of imprisonment *in this case*?"[15] The district judge then asked attorney Moore if he had made any representations to Ferguson as to what sentence the court might impose other than giving him an estimate

---

[12]TR., Ex. 9, p. 15.

[13]Ex. 9, p. 16.

[14]Ex. 9, p. 16, ln. 16.

[15]TR., Ex. 9, p. 19, ln. 19, Italics supplied.

7

of the Guideline Range. Attorney Moore answered that he had not.[16]

After accepting Ferguson's pleas, the district judge set the sentencing hearing for April 18, 2005.

*THE SENTENCING HEARING*

The sentencing hearing took place on August 25, 2005, not April 18. The vast bulk of it was devoted to discussion between the lawyers and the court regarding Ferguson's conduct, before and after his indictment, and of course the objections to the enhancements noted in the PSR.

In his response to the PSR, attorney Moore wrote: "The Presentence Report calculated Ferguson's Guideline Range for imprisonment as 235 to 293 months. The bottom end is only 5 months below the statutory maximum and the top end is 53 months above the statutory maximum." This, of course, is almost precisely what he verbally stated during the first change of plea hearing.

Ultimately, the district judge announced that he had established the Advisory Guideline Range at three hundred twenty-four to four hundred five months;[17] that the statutory penalty as to Count One was a mandatory minimum sentence of ten years up to twenty years; and the statutory sentence as to Count three was a mandatory minimum of five

---

[16] Ex. 9, p. 20.

[17] There were two PSRs. In the first PSR, Ferguson's Guideline Range was 235 to 293 months. In the second PSR, his Guideline Range had increased to 324 to 405 months as a result of Ferguson unwisely writing several letters to the victim, causing him to lose points for acceptance of responsibility.

8

years up to a maximum of twenty years.[18] He then asked Assistant United States Attorney Blackwell for his opinion as to what a reasonable sentence would be.[19] Mr. Blackwell spoke for seventeen pages of the transcript, and never answered the judge's question other than to say that Ferguson should receive a sentence "commensurate with" his conduct,[20] and to note that the district judge has a tough job.[21]

The district judge sentenced Ferguson to two hundred forty months on Count One, the maximum, and sixty months on Count Three, the statutory minimum, those sentences to run consecutively.[22] He then asked if either party had any objections to that sentence, and both Assistant United States Attorney Blackwell and attorney Moore said they did not. The transcript does not reveal that Ferguson himself said anything, a matter which will be discussed later in this Report.

**TESTIMONY OF FERGUSON AND ATTORNEY MOORE**

*FERGUSON'S TESTIMONY*

Only two witnesses testified at the evidentiary hearing, Ferguson and attorney Moore.

Ferguson testified that he reasonably believed at all times that he would be

---

[18] Ex. 10, p. 47, ln. 19.

[19] Ex. 10, p. 48.

[20] Ex. 10, p. 63, ln. 16.

[21] Ex. 10, p. 64, ln. 18.

[22] Ex. 10, p. 81.

sentenced, at the most, to a total of twenty years; that he believed that the sentences on the two counts to which he was pleading guilty would run concurrently; and that his belief was implanted by statements made at various times by Assistant United States Attorney Blackwell, his own attorney, and the court itself.

Ferguson knew the penalties on both Counts One and Three. He at first balked at signing the first plea agreement, which of course was an 11(c)(1) agreement that recommended a one-hundred-forty-four-month sentence, because he believed one hundred forty-four months was too much. Later, however, he and attorney Moore met with Assistant United States Attorney Blackwell who convinced him that one hundred forty-four months was appropriate.

At the evidentiary hearing, Ferguson testified that his belief that he faced twenty years at the most was caused by:

(1) the district judge's rejection of the first plea agreement due to the eight-year difference between the one hundred forty-four month recommended sentence and the twenty-year maximum;

(2) attorney Moore's statement to the district judge that the bottom of Ferguson's Guideline Range (235 months) was only five months below "the statutory maximum," and that the top of his range (293 months) was only "five or six years above the statutory maximum;"

(3) his conversation with attorney Moore's staff regarding "grouping" of counts, and their suggestion to him (so he concluded) that only "gun counts" could run

consecutively;

(4) the district judge's statements to him at the second change of plea hearing that he faced up to twenty years of prison *in this case*;

(5) attorney Moore's response to the PSR in which Mr. Moore again noted that the bottom of Ferguson's Guideline Range was only five months below the statutory maximum, and the top of the Guideline Range was only fifty-three months above that maximum; and,

(6) attorney Moore's failure to tell him at any time that consecutive sentences was a possibility.

Ferguson testified that his first indication that his sentences could run consecutively was in the district judge's actual imposition of the three-hundred-month sentence. He acknowledged that he did not speak up at that time, claiming that he did not do so only because he was under the impression he was not allowed to speak. He went on to testify that he whispered his concerns to attorney Moore who told him not to worry because it was "an illegal sentence." Attorney Moore did argue the illegality of the sentence before the Sixth Circuit Court of Appeals, but the "illegality" involved issues other than an 11(c)(1)(C) violation with respect to the imposition of consecutive sentences.

Ferguson insists that he would not have signed the second plea agreement if he had been aware that he could be sentenced to more than twenty years by the two sentences running consecutively.

*ATTORNEY MOORE'S TESTIMONY*

Attorney Moore testified that he never guaranteed or assured Ferguson that the sentences would run concurrently, because he was well aware they could be ordered to run consecutively. All along, Mr. Moore believed that defendant would be lucky to receive no more than twenty years imprisonment. In his entire career, he has never told a defendant charged in a multi-count indictment that the sentences would be concurrent.

As far as affirmatively warning defendant that the sentences might run consecutively, Mr. Moore testified that he felt "sure" he did so, but after eight years he had no independent recollection of such a conversation. This magistrate judge understands and appreciates Mr. Moore's testimony. If this magistrate judge was asked to swear under oath that he informed a defendant at an initial appearance of his right to remain silent, even as little as one week ago, he could only say that he is "sure" he did so because he always does so. Nevertheless, the fact remains that attorney Moore's testimony addresses his habit as opposed to an unequivocal assertion that he warned the defendant of the possibility of consecutive sentencing.

**CONCLUSION**

Ferguson stands convicted of two felonies, and two particularly loathsome felonies at that. Also, he is in prison and it safely can be presumed he wants out, or at least wants to spend the shortest time possible in it. His credibility is all but non-existent. If the outcome of his § 2255 motion depended solely upon his credibility, we would need to go no further. But, as already discussed, there is other evidence, most of it circumstantial, that corroborates Ferguson's testimony regarding his state of mind at the time he signed the second plea

agreement and until some time after he was sentenced. In short, Ferguson did believe that he faced only a maximum sentence of twenty years, and he signed a second plea agreement based upon that erroneous belief.

Of course, the district judge is under no obligation to advise a defendant during a change of plea colloquy that the sentences could be ordered to run consecutively; *see, e.g., United States v. Ospina*, 18 F.3d 1332 (6th Cir. 1994). But the facts before this court do not involve a failure to tell a defendant of the possibility of consecutive sentences. Rather, the facts here show that Ferguson was led to believe by a series of statements, that his sentences would run concurrently. That difference is important and dispositive.

The first question which the district judge asked to be answered was, did trial counsel erroneously inform Ferguson that his maximum sentencing exposure as to Counts One and Three was a total of twenty years because those sentences would be served concurrently? The answer to that question, based upon the testimony of both Ferguson and Moore, is "No." However, although there is no evidence that attorney Moore assured Ferguson that the sentences would run concurrently, Ferguson nevertheless believed, and reasonably so, that the sentences would run concurrently based upon the statements made by attorney Moore to the court, both in writing and verbally, and of which Ferguson was aware. Also, the district judge's choice of words on two separate occasions indicated to Ferguson that he faced no more than twenty years. During the first change of plea hearing, the district judge stated that Ferguson's Guideline Range of two hundred thirty-five to two hundred ninety-four months "would be capped at two hundred forty months." The probation officers, attorney Moore,

Assistant United States Attorney Blackwell, and this magistrate judge clearly understand what the district judge meant by this statement, but it cannot be assumed that Ferguson understood it. Next, during the second plea colloquy, the district judge asked Ferguson if he understood that the court could impose a sentence of up to twenty years *in this case*.

Any one of these remarks, taken separately, might not have implanted in Ferguson's mind the idea that he faced only a maximum sentence of twenty years. But all of them together created and then reinforced Ferguson's belief that he faced a maximum of only twenty years. There was no other information imparted to Ferguson that would have disabused him of his erroneous notion regarding the maximum penalty he faced.

The second question that the district judge asked to be addressed by the magistrate judge was: even if there was a Rule 11 violation, was any error by counsel (and the Court) harmless because Ferguson knew, based on the unobjected to content of the PSR, which did not lead him to withdraw his guilty pleas, of the possibility of consecutive sentencing? The answer again is, "No." To be sure, even the bottom of his Guideline Range (as amended) was well above two hundred forty months. But as mentioned earlier in this Report, it is not particularly unusual for a defendant's Guideline Range to be above the statutory maximum, even in multi-count indictments.

Although attorney Moore most definitely did not assure Ferguson that his sentences would run concurrently, neither is this magistrate judge able to find that attorney Moore explicitly warned Ferguson of the possibility of consecutive sentences. Attorney Moore's testimony that he is "sure" he did not do so is not based upon an actual recollection of the

event, but rather upon the basis of his habit or routine.

Further, attorney Moore twice indicated that Ferguson faced only a maximum sentence of twenty years – once verbally, and once in writing. And the district judge, on two occasions, used similar language which suggested a twenty-year total maximum sentence. The total effect of those statements by the court and attorney Moore, uncorrected by Assistant United States Attorney Blackwell, implanted in Ferguson's mind the erroneous belief that he could be sentenced to no more than twenty years, and nothing in the PSR would have warned him that his belief was wrong.

Again, a defendant's plea of guilty is not unknowing merely because the district judge did not instruct him that the sentences could run consecutively, *Ospina, supra*. Nevertheless, for a guilty plea to be made "knowingly, intelligently, and voluntarily," the defendant must have "a full understanding of the direct consequences of a plea," *Garner v. Seabold*, 1992 WL 393175 (6th Cir. 1992). "Under Rule 11, a plea of guilty is not deemed voluntary where the person entering it does so without understanding the consequences of his plea," *Smith v. United States*, 400 F.2d 860, 862 (6th Cir. 1968).

Ferguson was a prolific writer of letters, and those he wrote to attorney Moore were filed as exhibits by counsel for the United States. These letters reveal, so the United States maintains, that Ferguson knew all along that he could be sentenced to more than twenty years.

Only two of those letters predated the sentencing hearing. On January 18, 2005,

Ferguson felt prompted to write a letter to Moore regarding the *Blakely* decision.[23] In that letter, he wrote:

> Since [the Supreme Court] said judges shouldn't have to follow mandatory sentences . . . , my 12 yrs is actually about 4 yrs more than the Guidelines call for on Counts 1 & 3, on the high end and even ran [sic] consecutively.[24]

Read in context, that letter does not indicate that Ferguson understood that he could be sentenced to more than two hundred forty months.

In a letter dated June 2, 2005,[25] Ferguson indeed does refer to consecutive and concurrent sentences. The concern he expressed in that letter was that the district judge might reject the second plea agreement, or he might "try to run my sentences consecutively, such as the ten year man., and <u>then</u> a 5 yr min. mandatory." He testified at the evidentiary hearing, however, that a "jail house lawyer" told him that he would be required to serve both mandatory minimum sentences, ten and five, and his letter to attorney Moore was an attempt to learn if that was true.[26] As little sense as that makes, his letter indeed does seem to address the issue as he described it at the evidentiary hearing, and it cannot be interpreted to charge Ferguson with knowledge that he could receive more than two hundred forty months.

The other letters were written after defendant was sentenced, and he indeed did

---

[23]Ex. 13.

[24]Ex. 13.

[25]Ex. 12.

[26]TR. , Doc. 141, p. 68.

16

understand by that time that he could receive consecutive sentences. Nothing in those letters indicate that he knew at any time before he was sentenced that he could be given more than two hundred forty months.

Since his pleas of guilty to Counts One and Three were based on his erroneous belief regarding the maximum sentence he confronted, and since that belief was engendered by official court proceedings, the conclusion is forced on this magistrate judge that Ferguson's pleas were unknowing.

**RECOMMENDATION**

It is recommended that Ferguson's sentence be vacated for the reasons discussed in this Report. If the district judge agrees with this recommendation, the court will then be confronted with the question of what should be done next. There appear to be only two alternatives: grant Ferguson a trial on the four counts of the Superseding Indictment, or sentence him to no more than twenty years based on his pleas of guilty to Counts One and Three.

In the opinion of this magistrate judge, Ferguson has no legitimate complaint regardless of which option the court ultimately adopts. Ferguson unequivocally has testified that he believed he confronted a twenty-year maximum sentence when he pleaded guilty; therefore, he hardly can be heard to complain if he is sentenced to that term.[27] He also

---

[27]*See*, Ferguson's Brief, Doc. 139, p. 7.

testified that he would have elected to go to trial had he appreciated the fact that the sentences under Counts One and Three could have been ordered to run consecutively; therefore, he cannot reasonably complain of receiving a trial. In short, Ferguson's wishes are completely irrelevant.

That leaves the potential preferences of the court, the prosecution, and the victim. To state the obvious, it is ultimately the call of the court, irrespective of anyone else's wishes. However, it is respectfully recommended that the court should at least consider the victim's wishes which hopefully the prosecution will ascertain and pass on to the court. It is distressing to think how the possibility of having to deal again with what the victim thought was long gone and buried will affect her and her family. At one time, she and her family had at least acquiesced in a one-hundred-forty-four-month sentence to avoid the extreme unpleasantness and psychological turmoil attendant to a trial. The victim is now an adult, and presumably will offer an opinion to the United States Attorney as to whether defendant should be sentenced to twenty years, or given a trial, and the United States Attorney presumably will pass those wishes on to the court.[28]

Respectfully submitted,

s/ Dennis H. Inman

---

[28] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

United States Magistrate Judge